REC'D IN PRO SE OFFICE
AUG 13 '26 AM11:35

ORIGINAL

UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MAX MORGAN,**<br>*Plaintiff, Pro Se,*<br>v.<br>**SAUDI ARABIAN AIRLINES CORP. (SAUDIA),**<br>*Defendant.* | **Civil Action No.:**<br>____________________<br>**COMPLAINT FOR DAMAGES**<br>• Breach of Contract<br>• Montreal Convention (Article 17) Bodily Injury<br>• Air Carrier Access Act (ACAA) Violations<br>• Intentional Infliction of Emotional Distress<br>**DEMAND FOR BENCH TRIAL** |

---

## I. INTRODUCTION

**1. This is a civil action for damages** arising from the egregious commercial misconduct, breach of contract of carriage, and international aviation torts committed by Defendant, Saudi Arabian Airlines Corp. ("Saudia"). Plaintiff Max Morgan, a citizen of the United States of America residing in the State of Florida, seeks compensatory damages for injuries sustained due to Defendant's failure to honor a purchased ticket, its complicity in Plaintiff's non-consensual international transport, its intentional exacerbation of Plaintiff's documented severe physical disabilities on a 14-hour flight, and its subsequent abandonment of Plaintiff at John F. Kennedy International Airport (JFK).

**2. Pursuant to the Supreme Court's** ruling in *Saudi Arabia v. Nelson*, 507 U.S.

349 (1993), the gravamen of this complaint is strictly confined to the commercial operations, duties, and failures of the Defendant as an international air carrier, and explicitly disclaims any tort claims arising from the sovereign police or security actions of the Kingdom of Saudi Arabia.

## II. PARTIES

3. **Plaintiff Max Morgan** is, and at all times relevant to this action was and continues to be, a permanent legal resident of the State of Florida, United States, and a United States citizen.

4. **Defendant Saudi Arabian Airlines Corp. (Saudia)** is an international commercial airline and an agency or instrumentality of a foreign state. Saudia regularly conducts commercial airline operations within the United States, specifically operating out of JFK Airport, located within the jurisdiction of the Eastern District of New York.

## III. JURISDICTION AND VENUE

5. **Subject Matter Jurisdiction:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1330(a), which grants district courts original jurisdiction over non-jury civil actions against a foreign state as to any claim for relief with respect to which the foreign state is not entitled to immunity.

6. **FSIA Commercial Activity Exception:** Defendant is not immune from the jurisdiction of this Court pursuant to the Foreign Sovereign Immunities Act (FSIA),

28 U.S.C. § 1605(a)(2). The action is based upon a commercial activity carried on in the United States by the foreign state; and upon acts performed in connection with a commercial activity of the foreign state elsewhere that caused a direct effect in the United States. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir. 1996) (holding airline operations and ticket disputes fall under the commercial exception).

**7. Treaty Jurisdiction:** This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims for bodily injury during international flight are governed exclusively by the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention").

**8. Venue:** Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(f)(1) because a substantial part of the events or omissions giving rise to the claim occurred at JFK International Airport in Queens, New York.

## IV. FACTUAL ALLEGATIONS

### A. The Commercial Breach (September 20, 2023)

**9. On September 18, 2023,** Plaintiff purchased a commercial airline ticket for travel from Riyadh (RUH) to New York (JFK) for a scheduled departure on September 20, 2023 (Ticket #0658019508180). The transaction was processed through Expedia/Orbitz for the sum of $844.08.

**10. On September 20, 2023,** Plaintiff was legally cleared for departure by local authorities, as evidenced by a valid, hand-canceled exit stamp in Plaintiff's U.S.

Passport, confirming no legal or financial impediments to travel.

**11. Despite this clearance**, third-party actors unlawfully intercepted Plaintiff prior to boarding. Defendant Saudia commercially breached its contract of carriage by failing to transport Plaintiff and later refusing repeated demands to refund the unused ticket, citing internal fare rules (DOT OACP Complaint #2026041422078). Defendant's retention of consumer funds for unrendered services constitutes commercial theft and breach of contract.

**B. The Non-Consensual Boarding & Carrier Negligence (November 29, 2025)**

**12. On November 29, 2025**, Plaintiff was forcibly escorted to a Saudia aircraft for a flight bound for JFK. Plaintiff did not possess his passport or boarding pass and was not informed of his destination until after the aircraft doors were closed.

**13. As a commercial carrier**, Defendant owed a non-delegable duty to verify the identity, consent, and safety of its passengers. Defendant recklessly disregarded international aviation protocols by acting as a silent conduit for involuntary transport, failing to investigate or report the irregular and non-consensual nature of Plaintiff's boarding.

**C. Article 17 Bodily Injury & ACAA Violations**

**14. As established** in *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir. 1996), a foreign airline's commercial operations, ticket disputes, and deliberate failures to properly transport or protect passengers are commercial activities that strip sovereign immunity under 28 U.S.C. § 1605(a)(2). Defendant owed Plaintiff a non-delegable commercial duty of care to investigate

the involuntary nature of Plaintiff's transport and to intervene. By acting as a silent conduit for abduction and failing to verify Plaintiff's consent or legal status, Defendant breached standard international commercial aviation safety protocols and committed actionable commercial torts.

**15. At the time of boarding,** Plaintiff was suffering from severe, visible spinal trauma (C3-C6 and L4-L6) and was wearing physical back and neck support braces.

**16. Despite Plaintiff's obvious disability** and explicit requests for medical accommodation, Defendant's crew intentionally seated Plaintiff in the very last row of the aircraft in a non-reclining seat backed against a lavatory wall for a continuous flight exceeding 14 hours despite his issued boarding pass assigned a row seat in the middle of the aircraft.

**17. This commercial negligence** directly exacerbated Plaintiff's spinal injuries, causing permanent neurological and urological damage, triggering strict liability under Article 17 of the Montreal Convention.

**D. Sabotage and Abandonment at JFK (Post-Disembarkation Torts)**

**18. Prior to the flight,** Defendant's personnel intentionally seized Plaintiff's carry-on luggage and removed phone and laptop chargers, forcing these items into the aircraft's cargo hold.

**19. Upon arrival at JFK** in the middle of winter, Defendant failed to provide mandatory disability accommodation for disembarking. Plaintiff was abandoned at the terminal for 10 hours in summer clothing, entirely destitute, with no financial

resources and systematically disabled communication devices, resulting in profound emotional distress.

## V. CAUSES OF ACTION

### COUNT I: Breach of Contract

**20. Plaintiff incorporates** by reference all preceding paragraphs.

**21. Defendant entered** into a valid commercial contract of carriage with Plaintiff in September 2023. Defendant materially breached this contract by failing to transport Plaintiff and subsequently refusing to refund the purchase price of the ticket, resulting in financial loss to Plaintiff.

### COUNT II: Liability for Bodily Injury (Montreal Convention, Article 17 & 21)

**22. Plaintiff incorporates** by reference all preceding paragraphs.

**23. The Montreal Convention** exclusively governs the liability of Defendant for the bodily injuries Plaintiff sustained while on board the aircraft. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999).

**24. Defendant's intentional placement** of a passenger with documented, severe spinal injuries into a non-reclining seat for 14 hours constitutes an "accident" or unusual event external to the passenger that directly caused permanent bodily injury. Defendant is strictly liable for damages up to $128,821 Special Drawing Rights (SDRs) and fully liable for all uncapped damages, as the injury resulted

from Defendant's negligence.

**COUNT III: Negligence & Violation of the Air Carrier Access Act (ACAA)**

**25. Plaintiff incorporates** by reference all preceding paragraphs.

**26. Defendant breached** its commercial duty of care and international accessibility standards by failing to provide movable armrests, pre-boarding access, or disembarkation assistance, directly contributing to Plaintiff's physical and psychological injuries.

**COUNT IV: Intentional Infliction of Emotional Distress (IIED)**

**27. Plaintiff incorporates** by reference all preceding paragraphs.

**28. Defendant's actions** upon arrival in New York—specifically, the deliberate sabotage of Plaintiff's communication devices, forced check-in of carry-on luggage, and abandonment of a disabled passenger at JFK—occurred after the period of international transport preempted by the Montreal Convention.

**29. Defendant's conduct** was extreme, outrageous, and beyond all possible bounds of decency, intentionally designed to leave Plaintiff vulnerable and destitute, directly causing severe psychological trauma.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, Saudia, as follows:

1. Compensatory damages for permanent physical injury, medical expenses, and pain and suffering in an amount to be determined at trial, but no less than $15,000,000.00;
2. Compensatory damages for severe emotional distress and trauma;
3. Restitution for the unrefunded commercial ticket, plus accrued interest and fees;
4. Punitive damages for the intentional torts occurring outside the scope of the Montreal Convention;
5. Pre-judgment and post-judgment interest as allowed by law;
6. Waiver of filing fees pursuant to Plaintiff's accompanying *In Forma Pauperis* application; and
7. Such other and further relief as this Court deems just and proper.

**Note on Trial Demand:** Pursuant to 28 U.S.C. § 1330(a), Plaintiff acknowledges that civil actions against a foreign state or its instrumentality shall be tried by the Court without a jury.

---

Respectfully submitted,

Max Morgan

**Max Morgan**
*Plaintiff, Pro Se*
1629 K Street NW, Ste 300
Washington, DC 20006
(202) 400-9004
remaxmorgan@gmail.com

## VII. INDEX OF EXHIBITS

- **Exhibit A:** Orbitz Electronic Ticket Receipt / Itinerary #72658963492844 (Sep 18, 2023).
- **Exhibit B:** Copy of U.S. Passport Page showing Hand-Canceled Saudi Exit Stamp (Sep 20, 2023).
- **Exhibit C:** DOT OACP Complaint Case #2026041422078 Acknowledgment.
- **Exhibit D:** Correspondence from Expedia Global Travelers Resolutions Team (May 6, 2026) confirming Saudia's refusal to refund.
- **Exhibit E:** Broward Health Medical Center Baseline Records (July 6-7, 2022).
- **Exhibit F:** Photographic Evidence of Physical Injuries (Neck Brace) (June/July 2026).

Revised 02.13.2025; Effective 02.17.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MAX MORGAN

**(b)** County of Residence of First Listed Plaintiff: Broward

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

SAUDI ARABIAN AIRLINES CORP. (SAUDIA)

County of Residence of First Listed Defendant: ______

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [X] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1605(a)(2)" and write "Breach of commercial airline contract and Montreal Convention bodily injury.

Brief description of cause:
Commercial Aviation Liability

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 2026-08-17

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, ______________________________, counsel for____________________, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- ☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,
- ☐ the complaint seeks injunctive relief, or
- ☐ the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? ☐ Yes ☑ No
2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? ☐ Yes ☑ No
3. If you answered "No" to all parts of Questions 1 and 2:
   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? ☑ Yes ☐ No
   b. Do the majority of defendants reside in Nassau or Suffolk County? ☑ Yes ☐ No
   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? ☑ Yes ☐ No
4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? ☐ Yes ☑ No

(*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain) ☐ No

I certify the accuracy of all information provided above.

**Signature:** [signature]

Revised 02.13.2025; Effective 02.17.2025

UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MAX MORGAN,**<br>*Plaintiff, Pro Se,*<br>v.<br>**SAUDI ARABIAN AIRLINES CORP. (SAUDIA),**<br>*Defendant.* | **Civil Action No.:**<br>____________________<br>**COMPLAINT FOR DAMAGES**<br>• Breach of Contract<br>• Montreal Convention (Article 17) Bodily Injury<br>• Air Carrier Access Act (ACAA) Violations<br>• Intentional Infliction of Emotional Distress<br>**DEMAND FOR BENCH TRIAL** |

---

## ADDENDUM TO FORM AO 239

## DECLARATION OF EXTRAORDINARY FINANCIAL CIRCUMSTANCES

**To the Honorable Judge of the United States District Court:**
I am submitting this addendum to provide context for the extreme financial hardship reflected in my accompanying Form AO 239. I am entirely unable to pay the $405 filing fee or the costs associated with service of process due to catastrophic, extraordinary circumstances directly related to the underlying civil action against the Defendant, Saudi Arabian Airlines Corp.

**1. Total Depletion of Assets During Involuntary Overseas Detention:**

For a period of 26 months (September 2023 through November 2025), I was unlawfully held overseas in an arbitrary detention and forced disappearance. During this extended period, I was physically incapable of managing my domestic financial affairs, resulting in the total exhaustion, liquidation, and loss of my business assets, personal savings, and property in the United States.

**2. Destitution Upon Repatriation:**

On November 29, 2025, I was forced onto a Defendant Saudia aircraft and returned to the United States (JFK Airport) entirely against my will. Prior to boarding, Defendant's

personnel seized my carry-on luggage and sabotaged my electronics (confiscating charging devices), leaving me stranded at JFK Airport for over 10 hours in the middle of winter. I arrived on United States soil completely destitute, possessing no cash, no functioning credit cards, and no means to access emergency funds. I have been fighting to survive and rebuild my basic living circumstances since that date.

**3. Severe Physical and Psychological Disability Preventing Gainful Employment:**

I currently suffer from severe, documented spinal injuries (C3-C6 and L4-L6 neurological/orthopedic trauma), which were intentionally exacerbated by the Defendant's refusal to accommodate my disability during the 14-hour flight detailed in the Complaint. I am reliant on back and neck support braces, severe PTSD and other psychological trauma, and am physically and mentally unable to maintain gainful employment to generate income.

**4. Uncertainty of Standard Benefits:**

Due to my 26-month involuntary disappearance, my standard financial and administrative lifelines were severed. I am currently navigating complex administrative hurdles to attempt qualification for federal disability and support benefits that resulted during my absence. At this time, my monthly survival expenses exceed any negligible income or aid I receive.

Granting this *In Forma Pauperis* application is the only avenue I have to access the federal judicial system and seek restitution for the catastrophic commercial and physical damages inflicted upon me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: Monday, August 17, 2026

Signature: ______________________ **Max Morgan** *Plaintiff, Pro Se*

Respectfully submitted,

______________________

**Max Morgan**
*Plaintiff, Pro Se*
1629 K Street NW, Ste 300
Washington, DC 20006
(202) 400-9004
remaxmorgan@gmail.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 12 2026 ★
BROOKLYN OFFICE

**FROM:**

**MAX MORGAN**
**1629 K STREET NW, STE 300**
**WASHINGTON, DC 20006**

**TO:**

**CLERK OF COURT**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**255 CADMAN PLAZA EAST**
**BROOKLYN, NY 11201**

# COURT COPY

REC'D IN PRO SE OFFICE
AUG 12 '26 PM4:37

REC'D IN PRO SE OFFICE
AUG 12 '26 PM4:37